MICHAEL B. HORROW (SBN 162917)
SCOTT E. CALVERT (SBN 210787)
DONAHUE & HORROW, LLP
1960 E. Grand Avenue, Suite 1215
El Segundo, California 90245
Telephone: (310) 322-0300
Facsimile: (310) 322-0302
Email: mhorrow@donahuehorrow.com
Email: scalvert@donahuehorrow.com

Attorneys for Plaintiff Christopher Cude

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| CHRISTOPHER CUDE,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>THE LINCOLN NATIONAL LIFE INSURANCE COMPANY; WELLS FARGO & COMPANY SHORT-TERM DISABILITY PLAN; DOES 1 THROUGH 10<br><br>　　　　Defendants. | Case No.:<br><br>**COMPLAINT FOR BENEFITS UNDER A GROUP EMPLOYEE BENEFIT PLAN** |

Plaintiff alleges as follows:

1.  This Court's jurisdiction is invoked pursuant to 28 U.S.C. §§1331, 1337 and 29 U.S.C. §1132(a), (e), (f) and (g), of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001, *et seq.* ("ERISA") as it involves a claim by Plaintiff for short-term disability ("STD") benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. §1331, as this action involves a federal question.

2.  The events or omissions giving rise to Plaintiff's claim occurred in this judicial district, thus venue is proper here pursuant to 28 U.S.C. §1391(b)(2), and the ends of justice so require.

3.  The ERISA statute at 29 U.S.C. §1133, in accordance with Regulations of the Secretary of Labor, provides a mechanism for internal appeal of benefit denials. Those avenues of appeal have been exhausted.

4.  Plaintiff CHRISTOPHER CUDE ("Plaintiff" or "Mr. Cude") is a resident of Orange County and citizen of the State of California, and at all relevant times was an employee of Wells Fargo & Company ("Wells Fargo") and a participant in its employee benefit plan, identified below.

5.  Plaintiff alleges upon information and belief that Defendant THE LINCOLN NATIONAL LIFE INSURANCE COMPANY ("Lincoln") is, and at all relevant times was, a corporation duly organized and existing under and by virtue of the laws of the State of Indiana and authorized to transact and transacting the business of insurance in this state.

6.  Plaintiff is informed and believes and thereon alleges that Defendant WELLS FARGO & COMPANY SHORT-TERM DISABILITY PLAN ("Plan") is an employee welfare benefit plan established and maintained by Wells Fargo (and/or its related corporate entities to provide its employees with monthly short-term disability ("STD") income insurance protection, and, is the Plan Administrator.

7. The true names or capacities, whether individual, corporate, associate, or otherwise, of Defendants DOES 1 through 10, are unknown to Plaintiff who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes and on such information and belief alleges that each of the Defendants sued herein as a DOE is legally responsible in some manner for the events and happenings referred to herein, and will ask leave of this court to amend this complaint to insert their true names and capacities in place and instead of the fictitious names when the same become known to Plaintiff.

8. Plaintiff was covered by the Plan. Plaintiff is informed and believes and thereon alleges that Lincoln issued Group Policy Number GF3-850-289424-01 to Wells Fargo and the eligible participants and beneficiaries of the Plan, including Mr. Cude, promising disability benefits should certain conditions be met.

9. The Plan defines "Disability," in pertinent part, as follows:

> For purposes of the STD Plan, a medically certified health condition is generally defined as a disabling injury or illness that:
> - is documented by clinical evidence as provided and certified by an approved care provider; and
> - prevents you from performing the essential functions of your own job as regularly

10. The Plan includes a seven-consecutive-calendar-day waiting period following the initial date of disability.

11. The Plan promises up to 25 weeks of STD coverage, should claimants such as Mr. Cude remain "disabled," as defined by the Plan. Given the number of years that he worked for Wells Fargo, Mr. Cude is entitled to STD benefits at 100% of his covered pay.

12. Mr. Cude began working at Wells Fargo on or about March 17, 1992. At the time of his disability, Mr. Cude was working for Wells Fargo as a "Private Mortgage Branch Manager."

13. In Summer 2023, as the result of the restrictions and limitations imposed by his comorbid conditions, Mr. Cude became unable to continue working as a Private Mortgage Branch Manager for Wells Fargo. His last day of work was on or about June 28, 2023.

14. Based upon information and belief, Mr. Cude timely filed a claim for STD benefits under the Plan.

15. In light of his diagnoses and related symptoms, restrictions and limitations, Mr. Cude's treating physicians agreed that he was unable to perform the duties required of a Private Mortgage Branch Manager due to a variety of comorbid conditions, including, but not limited to anxiety, major depression, acute stress, insomnia, lumbar radiculopathy, high cholesterol, heart disease and an enlarged prostate. Mr. Cude's treating physicians and other medical professionals informed Lincoln of these opinions, and his overall condition, through claim forms and medical records.

16. For example, in an Attending Physician Statement dated August 29, 2023, Shawn Plowman, PA confirmed that Mr. Cude was unable to work after March 21, 2023 due to Acute Stress Disorder (F43.0). PA Plowman confirmed Mr. Cude's symptoms included, "anxiety, insomnia, [and] trembling." He also advised Lincoln that Mr. Cude's treatment included "medications" and being "off work."

17. In further support of his claim, Mr. Cude provided Lincoln with copies of his medical records and treatment from Michael Wainwright, M.D. The medical records prepared by Dr. Wainwright further confirmed that Mr. Cude was no longer able to perform the "essential functions" of his occupation due to his medical conditions. For example, following an August 1, 2023 examination, Dr. Wainwright offered the following assessment/plan: (1) Pain of lower extremity, unspecified laterality (M79.606), Symptomatic. Prescribed ibuprofen 800 mg TID. Resume Lipitor. Patient was given Trazodone for insomnia. Follow up because no complete resolution; (2) Insomnia, unspecified type (G47.00), Symptomatic. Patient given

Trazodone for insomnia; (3) Other specified postprocedural states (Z98.890), chronic, Controlled; and (4) Mixed hyperlipidemia (E78.2), chronic, Controlled.

18. Mr. Cude's medical records firmly established that under the terms of the Plan, Mr. Cude was disabled on June 28, 2023 and became entitled to STD benefits on or about July 5, 2023. However, despite the medical evidence supporting his claim, Lincoln improperly refused to approve and pay his STD claim.

19. While Lincoln had the right to ask Mr. Cude to appear for an examination, it failed to do so. Lincoln even failed to have a medical doctor review Mr. Cude's medical records. Instead the company asked an employee, identified only as "Ashley B" with the title of Nurse Disability Consultant, to review the medical records. Nurse Ashley only conducted a "paper review" of Mr. Cude's medical records. Nurse Ashley did not talk to or examine Mr. Cude. Nor did Nurse Ashley discuss Mr. Cude's conditions with any of his treating physicians. Instead Nurse Ashley's opinion was based solely on a review of Mr. Cude's medical records, which include the consistent conclusion that he was unable to continue working as a Private Mortgage Branch Manager. Nurse Ashley offered the conclusory opinion that Mr. Cude's treating medical professionals were incorrect and that Mr. Cude had the ability to return to work.

20. Despite failing to explain why Lincoln believed that Nurse Ashley was qualified to review Mr. Cude's medical records and why Lincoln believed that her opinion should carry more weight than Mr. Cude's examining and treating medical professionals, Lincoln decided to place Nurse Ashley's opinion above all others.

21. Lincoln accordingly sent a letter to Mr. Cude on or about September 7, 2023 informing him that it was denying his claim based on the conclusions reached by Nurse Ashley.

22. With assistance from his wife, Mr. Cude timely appealed Lincoln's decision to deny his claim for STD benefits. On September 7, 2023, Mr. Cude notified Lincoln that he was appealing Lincoln's wrongful decision to deny his claim.

23. In support of his appeal, Mr. Cude provided copies of updated medical records that supported his claim for benefits. In addition to physical therapy records, this included updated records from PA Plowman and Dr. Wainwright, as well as records from psychiatrist Sharon Chen D.O. (confirming his diagnosis of generalized anxiety disorder and severe episodic major depressive disorder).

24. Mr. Cude also provided Lincoln with the report from his October 2023 lumbar x-ray, which revealed moderate to severe facet arthritis of the lower lumbar spine levels, 4 mm retrolisthesis (slipping of the vertebrae backward onto one another) of L3 on L4 and enlarged L5 with pseudo-fusing with the left sacrum, resulting in pain and reduced mobility.

25. Mr. Cude further submitted a December 5, 2023 letter from PA Plowman confirming, "Christopher Cude is still under our care for anxiety, depression, and insomnia. His symptoms have worsened despite treatment by psychiatry. He is currently waiting for procedures to be approved through his insurance. It is my opinion that [Mr. Cude] is unable to perform the duties required at work at this time."

26. Lincoln's review of Mr. Cude's claim was sloppy and full of mistakes and misrepresentations.

27. For example, through communication with Lincoln, Mr. Cude learned that Lincoln used an incorrect job description when reviewing his claim,. Mr. Cude's correct job title is Private Mortgage Branch Manager. Lincoln utilized the job description for a Private Mortgage Banker, a position Mr. Cude managed before he was forced to stop working.

28. After initially relying solely on Nurse Ashley's review, during the appeal, Lincoln decided to ask medical doctors to review Mr. Cude's claim. However, those doctors produced reports full of inaccurate dates and medical summaries. Lincoln's paid reviewers also simply ignored medical records that were inconsistent with their conclusions. Further, while these medical reviewers purported

to have contacted Mr. Cude's treating physicians, his physicians denied receiving any communication from Lincoln's paid medical reviewers.

29. Lincoln also made misrepresentations to Mr. Cude about how quickly it would review his claim. By letter dated December 15, 2023, Lincoln promised Mr. Cude it would render a final claim decision by January 27, 2024. However, after still not having received a response, Mr. Cude contacted Lincoln on February 9, 2024, asking for an update on the status of his claim.

30. By February 12, 2024, Mr. Cude had grown so distressed and frustrated with Lincoln's lack of communication over several months that he contacted Wells Fargo Employee Care for help. Mr. Cude spoke with a Wells Fargo's representative, Julia, who told Mr. Cude that Lincoln employee Spencer McKenney advised Wells Fargo that she left him a voicemail that same day. Mr. Cude did not have any missed calls nor did he receive a voicemail from Spencer McKenney or anyone at Lincoln on February 12, 2024.

31. On February 12, 2024, Ms. McKenney wrote a letter apologizing to Mr. Cude for dialing the wrong phone number and failing to reach Mr. Cude despite his repeated attempts to contact Lincoln regarding their promise to render a claim decision by January 27, 2024.

32. On February 18, 2024 Mr. Cude wrote to Lincoln explaining his frustrations with Lincoln's consistently poor claims handling.

33. Despite the overwhelming evidence Mr. Cude provided to Lincoln in support of his STD claim and appeal of Lincoln's erroneous and wrongful claim decision, on or about on February 23, 2024, Lincoln denied Mr. Cude's appeal and affirmed the prior denial.

34. As a direct and proximate result of Lincoln's failure to provide Plaintiff with STD benefits, he has been deprived of said benefits from on or about July 5, 2023 for the following 25 weeks, to on or about December 20, 2023.

35. Plaintiff has exhausted all required administrative remedies related to his

COMPLAINT FOR BENEFITS UNDER A GROUP EMPLOYEE BENEFIT PLAN

STD claim, and is allowed to bring a lawsuit against Defendants, pursuant to ERISA, in order to recover all benefits to which he is entitled.

36. As a further direct and proximate result of the denial of benefits, Plaintiff has been required to incur attorneys' fees to pursue this action and is entitled to have such fees paid by Defendants pursuant to 29 U.S.C. §1132(g) (1), ERISA §502(g) (1).

37. A controversy now exists between the parties as to whether Plaintiff is disabled as defined in the Plan and entitled to STD benefits. Plaintiff seeks the declaration of this Court that he meets the Plan's definition of disability and thus he is entitled to past due disability benefits under the Plan.

38. In addition to this STD claim, Mr. Cude timely filed an Long-Term Disability ("LTD") claim based on the same disability.

39. Mr. Cude timely submitted his claim for LTD benefits, enclosing a correct job description and updated medical records detailing his ongoing disabling symptoms that prevent a return to work. On or about April 8, 2024, Lincoln acknowledged receipt of Mr. Cude's LTD claim.

40. After receiving the claim, Lincoln violated its obligation to give Mr. Cude's LTD claim a full and fair review and, by letter dated on April 18, 2024, Lincoln informed Mr. Cude that, "[b]ased on the information received, your claim has been denied and no benefits are payable."

41. Mr. Cude timely appealed that claim decision and is awaiting a final claim determination by Lincoln.

WHEREFORE, Plaintiff prays for relief against Defendants as follows:

1. An award of disability benefits from on or about July 5, 2023 to on or about December 20, 2023;

2. For reasonable attorneys' and costs fees incurred in this action; and,

3. For such other and further relief as the Court deems just and proper.

| | |
|---|---|
| DATED: January 22, 2025 | DONAHUE & HORROW, LLP |
| | |
| | _____ |
| | MICHAEL B. HORROW |
| | SCOTT E. CALVERT |
| | *Attorneys for Plaintiff Christopher Cude* |

COMPLAINT FOR BENEFITS UNDER A GROUP EMPLOYEE BENEFIT PLAN