UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:25-cv-00123-AH-KESx | Date | October 9, 2026 |
| Title | *Christopher Cude v. The Lincoln National Life Insurance Company et al.* | | |

| | |
|---|---|
| Present: The Honorable | Anne Hwang, United States District Judge |

| | |
|---|---|
| Yolanda Skipper | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| None Present | None Present |

**Proceedings:** **(IN CHAMBERS) ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND GRANTING PLAINTIFF SUMMARY JUDGMENT ON DEFENDANT'S TENTH DEFENSE (DKT. NO. 48)**

Before the Court is Defendant The Wells Fargo & Company Short-Term Disability Plan's ("Defendant") Motion for Summary Judgment. Dkt. No. 48. The matter is fully briefed. *See* Dkt. Nos. 48, 49, 50. On October 7, 2026, the Court heard oral argument. For the reasons set forth below, the Court **DENIES** Defendant's Motion for Summary Judgment and **GRANTS** Plaintiff Summary Judgment on Defendant's Tenth Defense.[1]

[1] The Court notes that Plaintiff did not separately notice a Cross-Motion for Summary Judgment but nonetheless presents arguments warranting summary judgment in his favor. *See* Standing Order, Dkt. No. 10, at § 9(d) ("The Court disfavors cross-motions that seek to adjudicate the same legal issues. … Pursuant to Fed. R. Civ. P. 56(f), if appropriate based on undisputed facts and controlling principles of law, the Court may … sua sponte enter summary judgment in favor of the non-moving party.").

## I. BACKGROUND

The following summarized facts are relevant to the instant Motion. *See generally* Joint Appendix of Facts ("JAF"), Dkt. No. 48-2.[2]

Plaintiff Christopher Cude alleges wrongful denial of short-term disability ("STD") benefits under the Wells Fargo & Company Short Term Disability Plan ("the Plan"). JAF 1. The Plan contained the following provision:

> With limited exceptions for violations of claim procedure regulations, ***no legal action can be filed against the plan until the STD Plan's claims and appeals procedures have been exhausted*** (refer to the "Claims and appeals section starting on page 10-14 for more information). Any suit for benefits must be brought within one year from the date the final appeal determination was issued by Lincoln.

Ex. 3 at -0804 (emphasis added).

On June 28, 2023, Plaintiff filed an STD claim under the Plan. JAF 9. Lincoln Financial Group ("Lincoln"), the claims administrator, denied Plaintiff's claim on September 7, 2023 (the "Initial Denial"). JAF 10. The Initial Denial informed Plaintiff of his right to submit an appeal within 180 days. *Id*. The Initial Denial further informed Plaintiff: "If Lincoln Financial Group does not receive your written request for review within 180 days from the receipt of this notice, our claim decision will be final, your file will remain closed, and no further review will be conducted." Ex. 3 at -1250.[3] Also on September 7, 2023, Plaintiff appealed the denial of his STD claim. JAF 11.

---

[2] The facts set forth below are taken from the Parties' JAF and the submitted evidence. *See generally* JAF. To the extent that any of the relevant facts were allegedly disputed by the opposing party, the Court discusses those facts below or concludes that no actual dispute exists or that the adopted language resolves the dispute.

[3] Though the parties submitted that the Initial Denial advised Plaintiff of his right to bring a civil action under ERISA, *see* JAF No. 10, no such language exists in the copy of the Initial Denial submitted to the Court. *See* Ex. 3.

On February 5, 2024, Plaintiff signed a Confidential Settlement Agreement and General Release (the "Release") relating to an employment claim against Wells Fargo. JAF 13, 16. The Release recites, in relevant part:

> Cude, for himself and his heirs, successors and assigns, does hereby release, acquit and forever discharge the Company, its former and/or current officers, directors, executives, managers, employees, including but not limited to Joseph Fillippelli and Jeffrey Rademann, agents, related parent and subsidiary entities, predecessors, successors, and assigns (the "Released Parties"), from any and all claims, actions, charges, complaints, causes of action, rights, demands, debts, damages or accountings of whatever nature, known or unknown, which he or his heirs may have against the Released Parties ***based on any actions or events which occurred prior to the date he executes this Agreement***, including but not limited to those related to, or arising from, Cude's employment with the Company or the cessation of that employment.

Ex. 1 at -0103.

On February 23, 2024, Lincoln notified Plaintiff ("the Final Denial") that its review of Plaintiff's STD appeal had been completed and that Lincoln had upheld the denial. Ex. 3 at -0795. The Final Denial stated that Plaintiff's "administrative right to review has been exhausted." *Id.* at -0803. The Final Denial further advised Plaintiff that any lawsuit must be brought by February 23, 2025 or it would be barred by the one-year contractual limitations period. *Id.* at -0804.

On September 2, 2026, Defendant filed the instant motion, seeking summary judgment that Plaintiff released his STD claim under the Employee Retirement Income Security Act ("ERISA") when he executed the Release. Dkt. No. 48.

## II. LEGAL STANDARD

"A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue of fact is "genuine" only if there is sufficient evidence for a reasonable fact finder to find for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if it

may affect the outcome of the case, and the "substantive law [] identif[ies] which facts are material." *Id.* "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.*

A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings, discovery responses, and "affidavits, if any," that demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotation marks omitted). To carry its burden of production, the moving party must either: (1) produce evidence negating an essential element of the nonmoving party's claim or defense; or (2) show that there is an absence of evidence to support the nonmoving party's case. *Nissan Fire & Marine Ins. Co. v. Fritz Cos*., 210 F.3d 1099, 1102 (9th Cir. 2000). If the moving party meets its initial burden, the nonmoving party must set forth, by affidavit or as otherwise provided in Rule 56, "specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248 (cleaned up). The evidence presented by the parties must be capable of being presented at trial in a form that would be admissible in evidence. *See* Fed. R. Civ. P. 56(c)(2). "In judging evidence at the summary judgment stage, the court does not make credibility determinations or weigh conflicting evidence." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). The court must draw all reasonable inferences in the nonmoving party's favor. *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citing *Anderson*, 477 U.S. at 255).

## III. DISCUSSION

The issue presented is whether the Release covers Plaintiff's ERISA claim. Plaintiff argues that the Release covers only claims "based on any actions or events which occurred prior to [February 5, 2024]" and Plaintiff received the Final Denial on February 23, 2024. Dkt. No. 48 at 25. The Court agrees and accordingly finds summary judgment in favor of Plaintiff is warranted on the issue of Defendant's release defense.

"[A]n ERISA cause of action accrues either at the time benefits are actually denied, or when the insured has reason to know that the claim has been denied." *Wetzel v. Lou Ehlers Cadillac Group Long Term Disability Ins. Program*, 222 F.3d 643, 649 (9th Cir. 2000) (en banc) (citation omitted). ERISA claims are deemed actually denied only after exhausting all internal appeal processes. *Heimeshoff v.*

*Hartford Life & Acc. Ins. Co.*, 571 U.S. 99, 105 (2013). "A claimant has a 'reason to know' under the second prong of [the Ninth Circuit's] accrual test when the plan communicates a 'clear and continuing repudiation of a claimant's rights under a plan such that the claimant could not have reasonably believed but that his [or her] benefits had been finally denied.'" *Wise v. Verizon Commc'ns, Inc.*, 600 F.3d 1180, 1188 (9th Cir. 2010) (citation omitted).

The Court finds that Plaintiff's ERISA claim accrued no earlier than February 23, 2024, the date of the Final Denial. Defendant argues that Plaintiff's ERISA claim accrued "no later than September 7, 2023" because the Initial Denial was issued and the appeal was initiated before the Release was signed. Dkt. No. 49 at 6. This argument is inconsistent with *Wise*, Defendant's cited authority. In *Wise* the Ninth Circuit found that the ERISA claim accrued "only after . . . [claimant was] informed that no further internal appeals were possible." *Wise*, 600 F.3d at 1188. Because Plaintiff was only notified that he had exhausted the internal appeals procedure upon receipt of the Final Denial, Plaintiff accrued his ERISA claim on February 23, 2024.

Under the clear and explicit language of the Release,[4] the Court finds that Plaintiff's ERISA claim is not "based on . . . actions or events which occurred prior to [February 5, 2023]." Plaintiff's Complaint bases his claims on Lincoln's Final Denial. Dkt. No. 1 ¶ 33. Moreover, the Plan forbade Plaintiff from filing an ERISA claim based on anything other than the "final appeal determination." Ex. 3 at -0804. While Plaintiff's Complaint also alleges conduct occurring prior to February 5, 2023, the backward-looking Release does not waive an ERISA claim that was not ripe. *See e.g.*, *Perez-Jones v. Liberty Life Ass'n Co. of Bos.*, 647 F. App'x 758 (9th Cir. 2016) (finding district court erred in finding that a severance agreement, which waived all claims "up until the day [Plaintiff signed]" the agreement, covered a long-term disability claim because "one can scarcely release claims that one does not possess" (citation modified) (quoting *Smart v. Gillette Co. Long–Term Disability Plan,* 70 F.3d 173, 181 (1st Cir. 1995)).

Under Fed. R. Civ. P. 56(f), the Court may grant summary judgment for the non-moving party based on undisputed facts and controlling principles of law. Based on the foregoing, the Court finds that Defendant's waiver claim fails as a

[4] Under California law, which governs the Release, "[i]f contractual language is clear and explicit, it governs." *Bank of the West v. Super. Ct.*, 833 P.2d 545, 552 (Cal. 1992) (citation omitted).

matter of law: Defendant lacks sufficient evidence for a reasonable fact finder to find that Plaintiff's ERISA claim falls within the scope of the Release, entitling Plaintiff to summary judgment on Defendant's Tenth Defense.

Because the Court finds the scope of the Release dispositive as a threshold inquiry, it need not consider Defendant's other arguments.

## IV. CONCLUSION

For the foregoing reasons, the Court hereby **DENIES** Defendant's Motion for Summary Judgment and **GRANTS** Plaintiff summary judgment on Defendant's Tenth Defense.

**IT IS SO ORDERED.**